*Twenty-first Judicial District.*

# In the Court of Common Pleas of Schuylkill County.

## MAYER *v.* FRITSCH.

A contract made under a mistake is voidable and relievable in equity.

Where the right of a complainant is disputed and until his claim is established in an action at law, courts of equity will not interfere.

Opinion of the court delivered 16 June, 1873, by

PERSHING, P. J.   By deed dated 28th April, 1866, Chas. F. Shoener and wife conveyed to Aaron Mayer, the complainant, the easterly one-half part of lot number nine, in block M., on the north side of Broad street, in the borough of Tamaqua, the said Shoener retaining the ownership of the other or westerly half of said lot.   By the division, each half of said lot (No. 9) had a front of 25 feet on Broad street.   On the 2d day of June, A. D. 1866, Shoener and Mayer mutually concluded and agreed with each other to lay out and leave open a certain alley or passage-way, extending out of and from said Broad street northward between the dwelling house of said Aaron Mayer, and the barber shop standing on the lot of said Chas. F. Shoener, of three (3) feet in breadth by sixty (60) feet in depth, and containing about equal portions of the lots of said Chas. F. Shoener and Aaron Mayer respectively ; and in consideration of the sum of one dollar by each paid to the other, stipulated that said alley or passage-way should be and remain open for the mutual use and accommodation of the parties, their heirs and assigns, tenants, under-tenants, and occupiers of said lot of ground.   This agreement was placed on record.

The defendant is now the owner of the westerly half of said lot No. 9, his conveyance reserving to said Mayer the use of the alley above describ-ed, "subject to the true meaning, conditions and stipulations" of the agreement entered into between Shoener and Mayer.   The complainant in his bill alleges, that the said Lafayette Fritsch, the defendant, by him-self and his workmen, on the 20th day of May, A. D. 1873, entered upon the said alley or passage-way, and dug in upon and through the same, thus destroying it, "and rendering it entirely useless by digging through and upon it for the foundation of a house, to the great and irreparable dam-age and injury of the complainant, and prays for a writ of special injunc-tion against the defendant."

That the agreement for the opening of this alley, was made under a mutual mistake of the parties, is clear to us from the agreement, the com-plainant's bill and affidavits on both sides.   The evident intention of the parties, was that each should give one-half of the ground necessary for the passage-way ; and that Mayer's line extended beyond his dwelling house,

so as to leave him ground between his house and the line of the lot owned by Shoener, was assumed to be the fact by both parties. The affidavit of C. F. Shindel, esq., read on the part of the defendant, shows that the agreement was written by him at the instance, and by the direction of Mayer, the complainant, who stated that he and Shoener had made no measurement, but "that there would be about equal portions of both lots contained in said alley-way." There is nothing in the bill and accompanying affidavits of the complainant to contradict this in the slightest degree ; on the other hand, they corroborate it. We think that there was a contract on the part of Mayer, to give part of the ground for this alley or passage-way. It appears, however, from the affidavits of J. C. Reddington and Matthias Haldeman, and the drafts furnished by them, that the foundation wall of complainant's dwelling is on the division line of his lot and that of the defendant, and that the weatherboarding of the dwelling house extends over on to the lot of the defendant. It thus appears that the complainant, at the time the agreement was made with Shoener, owned no ground between his dwelling house and Shoener's line, and that if the passage-way, which was the subject of their contract is now to be opened, the whole of it must be taken from the part of the lot owned by Fritsch, unless complainant's house is removed. If it was the understanding that the whole passage-way should be laid out on Shoener's ground, there was no necessity for any written agreement with, and payment of a consideration to Mayer. If, however, the understanding was that the passage-way should contain "about equal portions of the lots of said Charles F. Shoener, and the said Aaron Mayer respectively," as expressed in the agreement itself, the necessity of putting the contract in writing, and recording it, is very apparent. If the complainant in this case proposed to do equity, he might be entitled to the injunction prayed for. To take three feet from the lot of defendant for this alley, might lessen the value of his property, and at the same time greatly advantage the property of Mayers, and this without any fair consideration paid by Mayer, for the benefits accruing from the free use of his neighbor's property. This would be inequitable, the situation of the party at the time, and of the property which is the subject matter of the contract, and the intention and purpose of the parties making the contract, are laid down in the books as of great service in guiding the construction. 2 Par. Con. 12. A fair and equal mutuality is a necessary requirement in equity. If, therefore, the plaintiff ought himself do something as his part of the bargain which he seeks to enforce, which things he cannot do, equity will not decree specific performance against the other party. 2 Par. Con. 565. As the plaintiff occupies with his dwelling house up to the line of his lot, and something over, he cannot contribute an equal portion, or "about an equal portion" of the ground required for this alley, as located between his dwelling and the lot now owned by Fritsch, and so long as this is his position, he cannot invoke a court of equity to issue its injunction against the other party, especially a preliminary injunc-

tion, which is emphatically the strong arm of the court, and is never awarded, except where the plaintiff shows a clear equity entitling to its aid and relief. Brightly's Eq. §302. No doubt the parties to the agreement acted in good faith, and that a mistake was made by both, is the conclusion to which we are brought. Equity will correct a mistake of either party, if it be material, and would if known, have prevented or materially varied the contract. 2 Par. Con. 555. An act done or contract made under a mistake, or ignoramus of a material fact, is voidable and releivable in equity. Story Eq. §140. And this rule applies to cases of mutual ignorance or mistake. 3 Bin. 21. The supreme court of this state has laid down the following rule in cases of this kind : "Courts of equity will not usually exercise jurisdiction in case of private nuisance or disturbance or easements, where the right of the complainant is disputed, until he has established his claim in an action at law." Rhea *v.* Forsyth, 1 Wr. 503. Governed by this authority, and the facts as they have thus far been developed, we must leave the complainant to his remedy at law. The preliminary injunction is refused.

*Robert L. Leyburn*, Esq., and Hon. *Myer Strouse* for plaintiff.
*Hughes & Farquhar*, Esqs., for defendant.